IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| STANDARD FORWARDING CO., | ) | Case No. 09-83707 |
| INC., an Illinois corporation, Debtor. | ) | |

**NOTICE OF SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATE
AND INTENDED ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH**

TO:    THE OFFICE OF THE UNITED STATES TRUSTEE, THE CREDITORS OF THIS ESTATE, AND OTHER PARTIES IN INTEREST:

**PLEASE TAKE NOTICE AS FOLLOWS:**

1.    Chapter 11 Filing - On November 13, 2009, Standard Forwarding Co., Inc. ("**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the case captioned above (the **"Chapter 11 Case"**). Since then, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.    Sale Motion - On February 12, 2010, the Debtor filed a Motion for the Entry of and order: (A) approving the asset purchase agreement by and between the Debtor and Standard Forwarding LLC, a Delaware limited liability company ("**Purchaser**"), an entity formed by members of the debtor's current management, for the sale of substantially all of the assets of the estate; (B) authorizing the sale of the assets of the Debtor pursuant thereto free and clear of liens, claims, encumbrances and interests; (C) authorizing the assumption and assignment of executory contracts and unexpired leases; and (D) authorizing the payment of priority claims immediately upon closing of the proposed sale (the "**Sale Motion**").

3.    Sale Hearing - The Court will conduct a hearing to consider the approval of the Sale Motion on March 4, 2010, at 12:30 p.m. in the United States Bankruptcy Court for the Central District of Illinois, Peoria Division, United States Bankruptcy Courthouse, 100 N.E. Monroe Street, Courtroom 121, Peoria, Illinois 61602 (the "**Sale Hearing**"). At the Sale Hearing, the Debtor will request approval of the sale to the Purchaser pursuant to the entry of a final order approving the sale of substantially all assets of the estate (the "**Sale Order**").

4.    Treatment of Allowed Unsecured Claims - Pursuant to the Sale Motion the Debtor seeks authority to pay unsecured claims as follows: (a) all allowed costs of administration which have been incurred in the Chapter 11 Case, but not paid by the Debtor at the time of the closing of the proposed sale transaction will be assumed in full by the Purchaser; (b) all allowed, prepetition priority claims shall either be assumed in full by the Purchaser or will be paid in full by Debtor from the cash proceeds of the sale (the "**Priority Payment**"); and (c) with the cash

proceeds remaining after the Priority Payment, the Debtor shall make distributions on a *pro rata* basis to all allowed, general unsecured claims that have not been assumed by the Purchaser or voluntarily subordinated. The Purchaser has agreed to provide a limited amount of cash in addition to the current purchase price in an attempt to ensure such general unsecured creditors receive a distribution of up to 100% of their allowed claims, **but there is no guaranty that such a distribution will be achieved**.

5. <u>Objections</u> - Any objection to the proposed sale transaction must be filed in writing with the Clerk of the United States Bankruptcy Court for the Central District of Illinois, Peoria Division, United States Bankruptcy Court, 100 N.E. Monroe Street, Room 216, Peoria, Illinois 61602, **on or before March 2, 2010** (the **"Sale Objection Deadline"**), with copies served upon counsel for (i) the Debtor, Howard L. Adelman and Nathan Q. Rugg, Adelman & Gettleman, Ltd., 53 West Jackson Blvd, Suite 1050, Chicago, Illinois 60604; (ii) the DIP Lender, Michael J. Small, Foley & Lardner LLP, 321 N. Clark St., Suite 2800, Chicago, Illinois 60610; (iii) the Committee of Unsecured Creditors, Steven B. Towbin and Gordon E. Gouveia, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, 321 N. Clark Street, Suite 800, Chicago, Illinois 60654.

6. <u>Copies</u> - Copies of the Sale Motion and the asset purchase agreement by and between the Debtor and the Purchaser will be made available upon request directed to counsel for the Debtor, Nathan Q. Rugg, Esq. Adelman & Gettleman, Ltd. 53 West Jackson Boulevard, Suite 1050, Chicago, Illinois 60604; (312) 435-1050; nrugg@ag-ltd.com